DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a summary judgment issued by the Lucas County Court of Common Pleas in a case involving uninsured/underinsured ("UM/UIM") motorist coverage pursuant toScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660. Because we conclude that summary judgment was not proper, we reverse.
 {¶ 2} Appellees, Steven J. Jago ("Jago") and his minor child, Amanda Jago, filed claims pursuant to Scott-Pontzer against appellants, Hartford Fire Insurance Company ("Hartford") and Old Republic Insurance Company ("Old Republic"), insurers for Jago's employer, Roadway Express, Incorporated ("Roadway"). The claims resulted from a default judgment and damage claims against the driver of a motor vehicle who stuck and injured Jago and his daughter while riding on his motorcycle.
 {¶ 3} On August 15, 2002, the trial court granted summary judgment in favor of appellees, finding coverage underScott-Pontzer. On June 3, 2003, the parties filed a consent judgment entry, which stated that Steven J. Jago and Pamela Jago, as mother and guardian of Amanda Jago, were "entitled to judgment" against Hartford and Old Republic for certain monetary sums. The parties also consented that Hartford and Old Republic would "have the right to immediately appeal the Trial Court's August 15, 2002 Judgment Entry."
 {¶ 4} Hartford and Old Republic now appeal the trial court's finding of UM/UIM coverage pursuant to that reservation of right. Appellants essentially argue that the trial court erred in finding that Jago and his daughter are insureds under the employer's insurance policies.
 {¶ 5} It is undisputed that at the time of the accident, Jago was not acting within the scope of his employment with Roadway. Pursuant to Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, we conclude that Jago and his daughter were not "insureds" under his employer's insurance policies, negating any coverage for the UM/UIM claims from Hartford or Old Republic. Therefore, we conclude that the trial court's grant of summary judgment in favor of appellees was improper. Furthermore, summary judgment is granted in favor of appellants, Hartford and Old Republic, since no material issues of fact remain in dispute and appellants are entitled to judgment as a matter of law.
 {¶ 6} Hartford's second assignment of error and Old Republic's sole assignment of error are well-taken. All other assignments of error are rendered moot.
 {¶ 7} The judgment of the Lucas County Court of Common Pleas is reversed. Court costs of this appeal are assessed to appellees.
Judgment reversed.
Pietrykowski, J., Lanzinger, J., Singer, J., concur.